# 24-1827

_____

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

_____

JACK GOLDMAN, individually,

*Plaintiff-Appellant,*

v.

TRINITY SCHOOL OF MEDICINE, though its Board of Trustees; DOE DEFENDANTS 1-20, in their individual and official capacities,

*Defendants-Appellees,*

*On Appeal from the United States District Court, Eastern District of New York, Civil Action No. 23-cv-2935-KAM-JRC*

_____

**PLAINTIFF-APPELLANT'S OPENING BRIEF**
_____

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
*Counsel for Appellant*

DATED: October 10, 2024

## **CORPORATE DISCLOSURE STATEMENT**

Law Office of Keith Altman, PLLC is a wholly owned entity for which there is not a parent, subsidiary or affiliate company. The Plaintiff and the Law Office of Keith Altman, PLLC is a non-governmental entity/party.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ....................................................... i

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT REGARDING ORAL ARGUMENT ............................................. v

INTRODUCTION ................................................................................................. 1

STATEMENT OF JURISDICTION ..................................................................... 1

STATEMENT OF RELATED CASES AND PROCEEDINGS........................... 1

ISSUES PRESENTED........................................................................................... 2

STANDARD OF REVIEW ................................................................................... 2

ARGUMENT ......................................................................................................... 2

    I.      The Court Erred in Dismissing Appellant's Claims Providing that the Eastern District of New York did not Maintain Jurisdiction over the Appellees. 3

    II.     The Court Erred in Denying Leave to Amend.................................10

CONCLUSION ....................................................................................................12

CERTIFICATE OF COMPLIANCE ...................................................................13

CERTIFICATE OF SERVICE.............................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Arrowsmith v. United Press Int'l*, 320 F.2d 219, 222-25 (2d Cir. 1963) (en banc).. 4

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007) ........... 2

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco County*, 582 U.S. 255, 262 (2017) ................................................................................................ 8

*Capitol Recs., LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 365 (S.D.N.Y. 2009) 14

*Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019) ............................................... 13

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) .................. 14

*D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) .......................... 3

*Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 834 (N.Y. 2007) ................................ 11

*Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010) ......... 2

*Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007) ............................................ 12

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) ........ 8

*Geer v Emple Health Referral Sys*, 768 F App'x 55, 56 (CA 2, 2019) ................... 13

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 400-01 (S.D.N.Y. 2005) ...................................................................................................... 14

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ................................................................................................................ 3, 7, 8

*Klein v. Board of Supervisors*, 282 U.S. 19, 24 ....................................................... 5

*L. Hand, J., in Hutchinson v. Chase & Gilbert*, 45 F.2d 139, 141 ....................... 5, 6

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) ............................................................................................................................12

*Milliken v. Meyer*, 311 U.S. 457, 463 ................................................................... 5

*Minnesota Commercial Assn. v. Benn*, 261 U.S. 140 .............................................. 7

*Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011) ................................................................................................................ 3

*Pennoyer v. Neff*, 95 U.S. 714, 733 ....................................................................... 4

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) ............................................................................................................... 9

*St. Clair v. Cox*, 106 U.S. 350, 355 ....................................................................... 6

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984) ......................................................................................................... 4

**Statutes**

28 U.S.C.S. § 1404(a) ............................................................................................14

CPLR § 302(a) ....................................................................................................... 9

## **STATEMENT REGARDING ORAL ARGUMENT**

Plaintiff-Appellant requests oral argument as they believe it could significantly aid the decisional process in this case.

# INTRODUCTION

On April 20, 2023, Plaintiff Jack Goldman brought a lawsuit asserting violations of N.Y. Gen. Bus. Law § 349, breach of contract and breach of express warranty claims against Defendant/Appellee Trinity School of Medicine.

Trinity Medical School falsely advertised and recruited potential medical school students in the State of New York. As a result of their deceptive practices, Plaintiff/ entered into a contract with Defendant for a medical school education. Due to Defendants actions and inactions, Plaintiff was unable to get the agreed upon education resulting in harm to Plaintiff.

## STATEMENT OF JURISDICTION

This is an appeal from the District Court's final judgment in a civil case. The court entered a final judgment on June 7, 2024.

The present case was decided by the United States District Court for the Eastern District of New York that opines that the District Court for the Eastern District of New York does not have jurisdiction over the Defendants for Plaintiff's claims of violation of N.Y. Gen. Bus. Law §349, breach of contract and breach of express warranty claims. As such, the District Court dismissed Plaintiffs claims. A Notice of Appeal was timely filed on July 3, 2024.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

There are no other related cases or proceedings pending in relation to the facts at issue in the present appeal.

## ISSUES PRESENTED

1. Did the District Court error when it found that Trinity's contacts with the State of New York were insufficient for the exercise of personal jurisdiction pursuant to CPLR §302(a)(1)?

2. Did the District Court error in declining to allow Plaintiff leave to amend the Complaint?

## STANDARD OF REVIEW

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(2), "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). However, where the "denial is based on rulings of law, [this Court's] review is de novo." *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011).

## ARGUMENT

2

I.   **The Court Erred in Dismissing Appellant's Claims Providing that the Eastern District of New York did not Maintain Jurisdiction over the Appellees.**

In the District Court's June 7, 2024 Order, the Court erred in dismissing Appellant's claim providing that it did not have jurisdiction over the Appellees. A federal court sitting in diversity may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and the Due Process Clause. *D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Due process requires plaintiffs establish the requisite minimum contacts between a non-resident defendant and a forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

In diversity cases, federal courts must look to the forum state's long-arm statute to determine if personal jurisdiction may be obtained over a nonresident defendant. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 222-25 (2d Cir. 1963) (en banc). If jurisdiction is appropriate under the relevant statute, the court must then decide whether exercise of jurisdiction comports with due process. *Id*. at 223. The plaintiff generally has the burden of proof in establishing personal jurisdiction over the defendant. *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984).

3

Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. *Pennoyer v. Neff*, 95 U.S. 714, 733. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Milliken v. Meyer*, 311 U.S. 457, 463.

Since the corporate personality is a fiction, although a fiction intended to be acted upon as though it were a fact, *Klein v. Board of Supervisors*, 282 U.S. 19, 24, it is clear that unlike an individual its "presence" without, as well as within, the state of its origin can be manifested only by activities carried on in its behalf by those who are authorized to act for it. *Id*. To say that the corporation is so far "present" there as to satisfy due process requirements, for purposes of taxation or the maintenance of suits against it in the courts of the state, is to beg the question to be decided. For the terms "present" or "presence" are used merely to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the demands of due process. *L. Hand, J., in Hutchinson v. Chase & Gilbert*, 45 F.2d

4

139, 141. Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. *Id.* An "estimate of the inconveniences" which would result to the corporation from a trial away from its "home" or principal place of business is relevant in this connection. *Hutchinson v. Chase & Gilbert*, supra, 141.

"Presence" in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. *St. Clair v. Cox*, 106 U.S. 350, 355. Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action <u>unconnected</u> with the activities there. *St. Clair v. Cox*, supra, 359, 360; *Int'l Shoe Co v Washington*, 326 US 310, 316-17; 66 S Ct 154; 90 L Ed 95, 101-03 (1945).

It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit

5

to procure through its agents in another state, is a little more or a little less. *Id*. Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. *Id*. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. *Id*. *Minnesota Commercial Assn. v. Benn*, 261 U.S. 140.

But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue. *Id.*

Trinity is a private Caribbean medical school located in Kingstown, St. Vincent and the Grenadines. It maintains its offices and principal place of business in St. Vincent and the Grenadines, but also maintains an administration office in the United States in Roswell, Georgia. Defendants business practices are not confined to it's physical locations. Defendant conducts business within the State of New York, availing itself to suit within the State of New York.

Specific personal jurisdiction subjects a defendant to suit only on claims that "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco County*, 582 U.S. 255, 262 (2017)). New York's long-arm statute permits a court to exercise personal jurisdiction in cases where a non-domiciliary: (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state;" CPLR § 302(a). "To establish personal jurisdiction under [CPLR §] 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).

Defendant availed themselves to suit in New York when they traveled to New York to secure the applications and admission of the Plaintiff. Defendant entered into a contract with the Plaintiff in the State of New York. The District Court erred when it provided that the contract was to be preformed entirely outside of the State of New York. That is not true. Plaintiff entered into the contract to attend medical school with Trinity for the purpose of returning to the State of New York to complete his residences. Residency is a required portion of Plaintiffs medical degree.

Plaintiffs claims are a direct result of Defendants contracts and business transactions occurring within the State of New York.

Defendants' conduct within the State of New York was anything but sporadic and typical of all national universities. While yes, Defendant sent out standard recruiting materials to individuals in New York as can be attributed to standard recruiting. Defendant did much more. Defendant maintained contracted affiliations with hospital settings in New York to provide educational opportunities to their students. Admissions staff were flown out to the State of New York each year on multiple occasions to meet with prospective students for recruiting purposes, Plaintiff being only one of those individuals. Dr. Michael Miller, Ph.D., an agent of Defendant met with Plaintiff, and other prospective students, at the Regus located at 230 Park Avenue, 10th Floor, New York, New York 10169. Notably, of Defendants graduates, 7.19% were recruited from and reside in New York. A significant percentage as Defendant recruits and accepts students both within all of the United States and abroad. Trinity was a party to a contract with a company based in Illinois and a medical facility in the State of New York to provide educational opportunities to students. Defendant Trinity has since terminated that contract. In 2016, Defendant Trinity sent recruiting administrators on two separate occasions to the State of New York to meet with and recruit multiple potential medical students. In 2017, Defendant Trinity sent recruiting administrators on four separate occasions to the

8

State of New York to meet with and recruit multiple potential medical students with the intention of having the students enter into a contract to attend Trinity as medical students. In 2018, Defendant Trinity sent recruiting administrators on four separate occasions to the State of New York to meet with and recruit multiple potential medical students. Further, systematic and ongoing marketing is done on a nationwide basis, including within the State of New York.

Trinity Medical School was able to enroll a significant percentage of its student body from its marketing within the State of New York. Trinity markets itself to potential students in the full United States and Canada. From that vast pool of potential students, over 6% of their applicants are from the State of New York and over 7% of those that have matriculated from Trinity are from the State of New York. 7% is a statistically significant number based on the amount of states and provinces that marketing materials are targeted at, even taking into consideration the population density of each respective state and province.

The New York Court of Appeals has explained that "the overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York," *Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 834 (N.Y. 2007) (brackets and internal quotation marks omitted), thereby "invoking the benefits and protections of its

9

laws," *Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007). "A defendant need not physically enter New York State in order to transact business, 'so long as the defendant's activities here were purposeful.'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (quoting *Fischbarg*, 880 N.E.2d at 26).

"Although it is impossible to precisely fix those acts that constitute a transaction of business, [New York Court of Appeals] precedents establish that it is the quality of the defendants' New York contacts that is the primary consideration." *Id*. Trinity's contacts with the State of New York were never accidental. The contacts with New York were purposeful and with the intention of securing contracts with students. It is within those contracts that Trinity guarantees compensation in the form of tuition, and the medical students were guaranteed their attained medical school education. The standard of quality is irrefutable.

## II. The Court Erred in Denying Leave to Amend

The denial of a motion to amend on the basis of futility is reviewed de novo. *Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019). "Leave to amend may be denied if the proposed amendment would be futile. Amendment is futile if it fails to cure prior deficiencies." *Id*. at 208; *Geer v Emple Health Referral Sys*, 768 F App'x 55, 56 (CA 2, 2019).

10

The District Court denied the leave to amend in the June 7, 2024 Order. The District Court provided that the amendment would be futile as a result of jurisdictional shortcomings. The Plaintiff contends that amendment to the complaint would not be futile as Plaintiff presents that the District Court failed to properly evaluate the jurisdictional basis for the case in light to Defendants systematic and continued contacts with the State of New York.

Further, dismissal of the Complaint in its entirety is against the weight of justice. As the statue of limitations on Plaintiff's claims has run, the denial to maintain jurisdiction of the matter should have resulted in a venue transfer to Georgia, not a dismissal with prejudice.

28 U.S.C.S. § 1404(a) provides for a transfer to another district or division "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404 "is purposed to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 400-01 (S.D.N.Y. 2005) (internal citations and quotations omitted). Courts have "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are

11

considered on a case-by-case basis." *Capitol Recs., LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 365 (S.D.N.Y. 2009) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).

Plaintiff's Complaint was filed in the Eastern District of New York in good faith based on Defendants ample contacts with the State of New York to provide for jurisdiction. Leave to Amend to rectify the jurisdictional ailments, such as the ability to seek a change in venue, should have been provided. The District Court errored in outright dismissal of Plaintiffs Complaint.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests this Honorable Court reverse the District Court's ruling and remand the case for further proceedings.

Dated: October 10, 2024          Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f):

   [X] this brief contains 2,741 words, or

   [ ] this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [X] this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font, or

   [ ] this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

Dated: October 10, 2024                     */s/ Keith Altman*
                                            Keith Altman, Esq.

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October 2024, I electronically transmitted the attached foregoing document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

Dated: October 10, 2024            */s/ Keith Altman*
                                                               Keith Altman, Esq.